IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00929-CMA

In re: CHRISTOPHER WATERMAN,

    Debtor,

SALLY J. ZEMAN, Standing Chapter 13 Trustee,

    Appellant,

v.

CHRISTOPHER WATERMAN,

    Appellee.

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER

This matter is before the Court on the Chapter 13 Trustee's ("Trustee") appeal of the bankruptcy court's March 23, 2011 Order that confirmed Debtor Christopher Waterman's ("Debtor") second Amended Chapter 13 Plan. (Doc. # 54.)[1] The Court has jurisdiction over this appeal from the final order of the bankruptcy court. *See* 28 U.S.C. § 158(a)(1), (c)(1).

---

[1] "(Doc. # 54)" is an example of the convention used by this Court to identify the docket number assigned to a specific paper by the court's Case Management and Electronic Case Filing system. In this Order, unless otherwise noted, the convention is used to identify the docket number in the Debtor's Chapter 13 case filed with the Bankruptcy Court, *i.e.*, Case Number 10-35794. The bankruptcy court's order has been published in the Bankruptcy Reporter at *In re Waterman*, 447 B.R. 324 (Bankr. D. Colo. 2011).

The sole issue in this appeal is one that has generated a nationwide split among bankruptcy courts: whether a Chapter 13 debtor may "strip off"[2] a wholly unsecured lien against his primary residence when the debtor is ineligible for discharge by virtue of a prior Chapter 7 bankruptcy discharge. *See* 11 U.S.C. § 1328(f)(1) (no Chapter 13 discharge if the debtor obtained a Chapter 7 discharge within the past four years). Based on the facts of this case, the bankruptcy court said "yes." The Court agrees.

## I. **BACKGROUND**[3]

Debtor filed for relief under Chapter 7 of the Bankruptcy Code on January 13, 2009. The case was designated as Case No. 09-10457-SBB ("Chapter 7 Case"). Debtor listed his residence as 9982 Hawthorne Street, Highlands Ranch, Colorado 80126 ("Residence"). Debtor stated in his Schedule D filed in the Chapter 7 Case that First National Bank held a second deed of trust on the Residence. On April 23, 2009, Debtor was granted a discharge in the Chapter 7 Case.

Despite his Chapter 7 discharge, Debtor, a mortgage broker, continued to endure economic hardship and fell behind on his mortgage payments and other financial obligations. Consequently, on October 11, 2010, Debtor filed a Chapter 13 petition. (Doc. # 1.) The case was designated as Case No. 10-35794 ("Chapter 13 Case").

---

[2] "The term 'strip off' is colloquially used when, there being no collateral for a mortgage, the entire lien is proposed to be avoided. The term 'strip down' is used when, there being insufficient collateral value for a mortgage, the lien is proposed to be reduced to the value of the collateral." *In re Fair*, 450 B.R. 853, 855 (E.D. Wis. 2011) (quoting *In re Mann*, 249 B.R. 831, 832 n.1 (1st Cir. B.A.P. 2000)).

[3] There are no factual disputes in this appeal. These facts are taken from the parties' appellate briefs and from the bankruptcy court's Order.

On November 9, 2010, Debtor filed a Motion to Determine Secured Status Pursuant to 11 U.S.C. § 506,[4] seeking a determination that the second deed of trust on his Residence was wholly unsecured, and an order requiring First National Bank to remove the junior lien within 30 days of completion of Debtor's Chapter 13 Plan and an order closing the case.  (Doc. # 22.)  First National Bank did not object to Debtor's Motion.

On December 28, 2010, Debtor filed his first Amended Chapter 13 Plan, proposing to cure the arrearage on his first lien in order to keep the Residence, and to strip off First National Bank's junior lien because of a significant reduction in the value of the Residence.  (Doc. # 34.)  On January 5, 2011, the Trustee objected to Debtor's plan insofar as it proposed stripping off First National Bank's junior lien.  (Doc. # 42.)  That same day, Debtor filed a brief supporting the argument that he could strip off First National Bank's junior lien, despite being ineligible for a Chapter 13 discharge under 11 U.S.C. § 1328(f)(1).  (Doc. # 43.)  On January 31, 2011, Debtor filed a second Amended Chapter 13 Plan (Doc. # 48, the "Plan"), containing the same terms by which Debtor proposed to strip off First National Bank's junior lien.

On March 23, 2011, the bankruptcy court issued a Memorandum Opinion and Order, finding that First National Bank's "lien may be 'stripped' consistent with 11 U.S.C. § 506" provided that the Plan "is otherwise confirmable and the Debtor completes his plan." (Doc. # 54 at 7.)  After determining that Debtor's Plan complied with all other

---

[4] All further section references herein are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

applicable provisions of Chapter 13 and the Bankruptcy Code, including finding that Debtor had filed both his Chapter 13 Petition and the Plan in good faith, the bankruptcy court confirmed the Plan. (*Id.*) The Trustee appealed.

## II. STATEMENT OF ISSUE AND STANDARD OF REVIEW

The issue presented in this bankruptcy appeal is whether the bankruptcy court erred in finding that a Chapter 13 debtor, who less than four years before had filed a Chapter 7 bankruptcy and obtained a discharge of personal liability on his debts, *i.e.*, a Chapter 20 debtor,[5] can strip off a wholly unsecured second lien on his home. Because the issue presented is a legal conclusion, it is subject to *de novo* review. *In re Baldwin*, 593 F.3d 1155, 1159 (10th Cir. 2010).

## III. ANALYSIS

### A. LIEN STRIPPING IN A TYPICAL CHAPTER 13 CASE

Chapter 13 is a reorganization chapter, in which "lien stripping is expressly and broadly permitted, subject only to very minor qualifications." *Enewally v. Washington Mut. Bank (In re Enewally)*, 368 F.3d 1165, 1170 (9th Cir. 2004) (quoting *Bartee v. Tara Colony Homeowners Ass'n (In re Bartee)*, 212 F.3d 277, 291 n.21 (5th Cir. 2000)). A Chapter 13 debtor's ability to strip off a lien is qualified by § 1322(b)(2), which provides that a debtor's plan may "modify the rights of holders of secured claims, **other than a claim secured only by a security interest in real property that is the**

---

[5] When a debtor files a Chapter 13 petition within four year of receiving a Chapter 7 discharge, he is commonly referred to as a "Chapter 20 debtor." *In re Fisette*, 455 B.R. 177, 184 (8th Cir. B.A.P. 2011).

**debtor's principal residence**, or of holders of unsecured claims." § 1322(b)(2) (emphasis added). The bolded text is commonly referred to as the "anti-modification provision." *See In re Jennings*, 454 B.R. 252, 255 (Bankr. N.D. Ga. 2011). By its plain language, the anti-modification provision does not protect holders of unsecured claims. *See Lane v. W. Interstate Bancorp (In re Lane)*, 280 F.3d 663, 668 (6th Cir. 2002) ("Section 1322(b)(2) says, without qualification and in the plainest of English, that a Chapter 13 plan 'may' modify the rights of 'holders of unsecured claims.'"); *In re Fisette*, 455 B.R. 177, 182 (8th Cir. B.A.P. 2011) (listing cases).

In this case, the parties agree that the anti-modification provision does not apply because the junior lien held by First National Bank against Debtor's Residence is wholly unsecured.[6] Thus, if Debtor had not previously discharged his personal liability in his Chapter 7 case, it is undisputed that he could strip off First National Bank's wholly unsecured junior lien in his Chapter 13 case.

**B.   LIEN STRIPPING WHERE DEBTOR IS INELIGIBLE FOR CHAPTER 13 DISCHARGE UNDER 11 U.S.C. § 1328(f)(1)**

Enacted as part of the Bankruptcy Abuse Prevention and Consumer Prevention Act of 2005 ("BAPCPA"), § 1328(f)(1) prohibits courts from granting a discharge of all

---

[6] Section 506(a) governs classification of a particular claim as secured or unsecured, providing that:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest . . . and is an unsecured claim to the extent that the value of such creditor's interest in the estate's interest . . . is less than the amount of such allowed claim.

5

debts provided for in a Chapter 13 plan "if the debtor has received a discharge . . . in a case filed under chapter 7 . . . during the 4-year period preceding the date of the order for relief under this chapter."

Although § 1328(f)(1) expressly makes a Chapter 20 debtor ineligible for discharge, courts disagree as to whether it also precludes a Chapter 20 debtor from stripping off wholly unsecured liens from his primary residence. *See Jennings*, 454 B.R. at 256 n.7 (listing cases splitting on the issue of whether to allow Chapter 20 debtors to strip off wholly unsecured liens). Some bankruptcy courts hold that a Chapter 20 debtor's ineligibility for discharge bars him from stripping off wholly unsecured liens. *See, e.g.*, *In re Gerardin*, 447 B.R. 342, 347-48 (Bankr. S.D. Fla. 2011); *In re Fenn*, 428 B.R. 494, 500 (Bankr. N.D. Ill. 2010); *In re Blosser*, No. 07-28223, 2009 WL 1064455, at *1 (Bankr. E.D. Wis. Apr. 15, 2009) (unpublished); *In re Jarvis*, 390 B.R. 600, 605-06 (Bankr. C.D. Ill. 2008). The Trustee urges the Court to adopt this view, which is also the position taken by one bankruptcy court in this district. *See In re Mendoza*, No. 09-22395, 2010 WL 736834, at *4 (Bankr. D. Colo. Jan. 21, 2010) (unpublished).

Other courts have held that a Chapter 20 debtor may strip off a wholly unsecured lien from his principal residence, despite being ineligible for discharge by operation of § 1328(f)(1). These courts emphasize that nothing in the Bankruptcy Code expressly requires a Chapter 20 debtor to be eligible for discharge in order to strip off a creditor's wholly unsecured lien. *See, e.g.*, *In re Gloster*, 459 B.R. 200, 205 (Bankr. D.N.J. 2011); *In re Okosisi*, 451 B.R. 90, 103 (Bankr. D. Nev. 2011); *In re Tran*, 431 B.R. 230, 237

(Bankr. N.D. Cal. 2010); *In re Grignon*, No. 10-34196, 2010 WL 5067440, at *4 (Bankr. D. Or. Dec. 7, 2010) (unpublished); *In re Hill*, 440 B.R. 176, 182 (Bankr. S.D. Cal. 2010). This Court found only two appellate court decisions that addressed this issue and both found that a Chapter 20 debtor may strip off a wholly unsecured lien from his principal residence. *See In re Fair*, 450 B.R. 853, 855 (E.D. Wis. 2011); *In re Fisette*, 455 B.R. 177, 185 (8th Cir. B.A.P. 2011). For the following reasons, the Court affirms the bankruptcy court's determination that a Chapter 20 debtor may strip off a wholly unsecured lien from his principal residence, despite being ineligible for a discharge.

1. <u>Chapter 20 Lien Stripping Does Not Violate § 1325(a)</u>

The Trustee argues that the Court should deny confirmation of Debtor's proposed plan on the basis that it violates the requirements of § 1325(a)(5). Many of the courts that have refused to allow lien stripping in Chapter 20 cases have also relied on § 1325(a)(5) for support. *See Fenn*, 428 B.R. at 500; *In re Lilly*, 378 B.R. 232, 236-37 (Bankr. C.D. Ill. 2007).

Section 1325(a)(5) provides that "with respect to each **allowed secured claim** provided for by the plan" the holder of a secured claim retains the lien until "the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under [§] 1328." By its own terms, § 1325(a) only protects the holders of allowed secured claims. *See In re Frazier*, 448 B.R. 803, 811 (Bankr. E.D. Cal. 2011) ("A creditor entitled to assert provisions of 11 U.S.C. § 1325(a) must be the holder of an 'allowed secured claim.'"). In this case, it is undisputed that First National Bank's junior lien is **wholly unsecured**; therefore, § 1325(a) does not preclude Debtor from stripping

7

off the lien. *See Okosisi*, 451 B.R. at 98 (listing cases that have found § 1325(a)(5) inapplicable in Chapter 20 cases).

  2. <u>Chapter 20 Lien Stripping is Not a De Facto Discharge</u>

Some bankruptcy courts have expressed concern that allowing Chapter 20 lien stripping amounts to a de facto discharge, and concluded that Congress could not have intended to allow this practice. *See, e.g.*, *Fenn* 428 B.R. at 500; *Mendoza*, 2010 WL 736834, at *4. However, the language of § 1328(f)(1) is clear: it prohibits only "a **discharge** of all debts provided for in the plan."[7] (Emphasis added.) The argument that Chapter 20 lien stripping is tantamount to a discharge give short shrift to the plain language of this § 1328(f)(1).[8]  *See, e.g.*, *Fair*, 450 B.R. at 857 ("none of the cases which refuse to allow lien stripping in a no-discharge chapter 13 case acknowledge or confront the plain language of § 1328(f)(1)"). Moreover, the Court disagrees with the view that Chapter 20 lien stripping is a de facto discharge. Simply put, stripping off a lien is not the same thing as being discharged from personal liability for the debt underlying that lien. As the Supreme Court has explained, a bankruptcy discharge "extinguishes only one mode of enforcing a claim – namely, an action against the debtor

---

[7] There is no provision in the Bankruptcy Code expressly providing that a Chapter 20 debtor may not modify or strip off wholly unsecured liens. *See Waterman*, 447 B.R. at 328; *Tran*, 431 B.R. at 235-37 (citing various Bankruptcy Code provisions and finding that the Bankruptcy Code does not preclude a Chapter 20 debtor from enjoying all the rights of a chapter 13 debtor, with the exception of the right to a discharge).

[8] The starting point for statutory interpretation is the language of the statute. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989). When the statutory language is clear, "the sole function of the courts–at least where the disposition required by the text is not absurd– is to enforce it according to its terms." *Lamie v. United States Tr.*, 540 U.S. 526 (2004).

*in personam* – while leaving intact another - namely, an action against the debtor *in rem.*" *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Thus, a discharge releases a debtor from *in personam* liability, whereas a strip off affects a creditor's ability to proceed against the debtor *in rem*. *Fisette*, 455 B.R. at 187 n.9.

When Congress amends the Bankruptcy Code, it does not write "on a clean slate." *Dewsnup*, 502 U.S. at 419. The Court "must presume that Congress understood the distinction between discharging *in personam* liability and modifying the terms of an *in rem* lien when it enacted § 1328(f)(1)." *Fair*, 450 B.R. at 857. By stripping off a wholly unsecured junior lien from his principal residence, a debtor removes the lien from his property, *i.e.*, the *in rem* liability. However, the strip off itself does not effect a discharge of a debtor's personal liability for repayment of the underlying debt. Although Debtor is not obligated to repay the underlying debt on his principal residence in this case, that discharge of personal liability on the underlying debt occurred as a result of his Chapter 7 discharge, not as a result of the Chapter 13 strip off of the lien.

The enactment of § 1328(f)(1) clearly evinces Congress's intent to limit the relief available to Chapter 20 debtors. However, Congress did not completely foreclose the availability of Chapter 13 to debtors who had previously received relief in Chapter 7. *See Branigan v. Bateman*, 515 F.3d 272, 283-84 (4th Cir. 2008); *Johnson*, 501 U.S. at 87. In many Chapter 13 cases, "it is the ability to reorganize one's financial life and pay off debts, not the ability to receive a discharge, that is the debtor's 'holy grail.'" *Bateman*, 515 F.3d at 283. In short, if Congress had wanted to prohibit a Chapter 20

9

debtor from stripping off a wholly unsecured lien on his principal residence, it could have easily done so. As it did not, the Court will not read additional restrictions into the statute.

### 3. Good Faith Concerns

Finally, some bankruptcy courts have not allowed lien stripping in a Chapter 20 context on the basis that it constitutes an "abuse of process." *See Mendoza*, 2010 WL 736834, at *5. However, allowing a Chapter 20 debtor to propose to strip off a wholly unsecured lien from his primary residence does not mean that the rights of his creditors will not be adequately safeguarded. Bankruptcy courts still have an independent duty to determine whether a debtor's plan meets all the requirements for confirmation. *See United Student Aid Funds, Inc. v. Espinosa*, --- U.S. ---, 130 S.Ct. 1367, 1381 (2010) (finding that the Bankruptcy Code obligates bankruptcy courts to direct a debtor to conform his plan to the requirements of the Code). One requirement of paramount importance in a Chapter 20 situation is that the debtor's "plan has been proposed in good fatih and not by any means forbidden by law." § 1325(a)(3). This is not an empty requirement.[9] The filing of a Chapter 13 bankruptcy on the heels of having received a Chapter 7 discharge should raise a red flag as to whether the Chapter 20 plan is "proposed primarily as an end-run around Chapter 7, or a second bite at the bankruptcy apple." *Mendoza*, 2010 WL 736834, at *5. Thus, bankruptcy courts should carefully

---

[9] Indeed, some courts, although finding that § 1328(f)(1) does not prohibit a Chapter 20 debtor from stripping off a wholly unsecured lien, have declined to confirm the debtor's plan after finding that the plan was proposed in bad faith. *See Tran*, 431 B.R. at 237 (denying plan confirmation after finding that debtor had filed Chapter 13 petition in bad faith).

10

scrutinize a Chapter 20 debtor's plan to ensure that it was proposed in good faith. However, the fact that some Chapter 20 debtors may not propose their plans in good faith is not reason to bar every Chapter 20 debtor from utilizing the lien stripping tools made available to him by Congress.

## IV.  **CONCLUSION**

Accordingly, it is ORDERED that the March 23, 2011 Order of the Bankruptcy Court (Doc. # 54) confirming Debtor's Amended Chapter 13 Plan is AFFIRMED.

DATED:  March   13  , 2012

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge